# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

U.S.A. vs. Juan Rayo                                                   Docket No. 7:10-CR-30-5F

### Petition for Action on Supervised Release

COMES NOW C. Lee Meeks, Jr., probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Juan Rayo, who, upon an earlier plea of guilty to Interstate Travel in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952(a)(3), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on February 1, 2011, to the custody of the Bureau of Prisons for a term of 52 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 3 years under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

3. The defendant shall participate in such vocational training program as may be directed by the probation office.

4. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall pay a $100 special assessment.

Juan Rayo was released from custody on May 13, 2013, at which time the term of supervised release commenced.

Juan Rayo
Docket No. 7:10-CR-30-5F
Petition For Action
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** During a home inspection on April 9, 2014, Rayo submitted to urinalysis that tested positive for methamphetamine. When confronted with the violation, Rayo signed a drug use admission form indicating he used methamphetamine at work on or about April 8, 2014.

During a home inspection on April 28, 2014, Rayo submitted to urinalysis that tested positive for methamphetamine. When confronted with the violation, Rayo signed a drug use admission form indicating he used methamphetamine at work on or about April 26, 2014. On May 12, 2014, the positive test result was confirmed by the laboratory. Since that time, Rayo was re-enrolled in the Surprise Urinalysis Program and he has been attending substance abuse treatment at Waynesboro Family Clinic in Goldsboro, North Carolina.

On August 22, 2014, Rayo tested positive for Hydrocodone. When confronted with the violation by U.S. Probation Officer Matti Liebler, Rayo admitted he purchased a pain tablet for his back at a grocery store without a prescription.

As a result of the three positive drug tests, Rayo is exposed to the DROPS 17-day jail sanction. According to Bureau of Prisons' policy, the jail sanction must be served consecutively. Although Rayo admits the violations and apologizes for his actions, a 17-day jail sanction will more than likely result in the loss of his employment at LKQ Recycling in La Grange, North Carolina, where he earns $12 per hour. According to Rayo, in 60 days, he may be hired full-time with an increase in salary to $13 per hour plus benefits.

As a sanction for the violations and in consideration of the above information, the probation officer respectfully recommends the conditions of supervised release be modified to allow the defendant to serve 30 days home confinement in lieu of the DROPS 17-day jail sanction. It is also recommended the government pay for the electronic monitoring services in consideration of the defendant's financial situation.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 30 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The government shall pay for the electronic monitoring services. The 30-day home confinement sanction will be in lieu of the DROPS 17-day jail sanction.

Juan Rayo
Docket No. 7:10-CR-30-5F
Petition For Action
Page 3

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ C. Lee Meeks, Jr.
C. Lee Meeks, Jr.
U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-347-9038
Executed On: November 6, 2014

### ORDER OF COURT

Considered and ordered this __10__ day of __November__, 2014, and ordered filed and made a part of the records in the above case.

James C. Fox
Senior U.S. District Judge